RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/9/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | DOCKET NO.: 1:14-cr-0035 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| OMRAN | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Defendant, Mohamed Admed Hassan Abdallah Omran, appeared for his initial appearance and arraignment before me on March 21, 2014. At that time, he was advised of his right to court appointed counsel and of his right to retain an attorney of his choosing. Defendant indicated he desired to represent himself in this matter. Therefore, defendant, who had been placed under oath, was advised of his right to remain silent. He was then questioned by the court as to his mental capacity, prior mental health, age, education and literacy and trial experience.

It was then explained to defendant that under the United States Constitution and federal law he had a right to represent himself, Faretta v. California, 95 S. Ct. 2525 (1975); 28 U. S. C. §1654. However, defendant's decision to waive counsel had to be made knowingly, intelligently and voluntarily. With that in mind, I undertook to establish whether defendant would be allowed to waive counsel.

First, the defendant was advised again of the charges against him and of the maximum possible penalties he faced if he either entered a guilty plea or was found guilty of the charges. The court reiterated the information provided to defendant at his arraignment. U. S. v. Farhad, 190 F.3d 1097 (9th Cir. 1999).

The court then explained to defendant the benefits a lawyer could provide, including, but not limited to, the lawyer's superior knowledge, education, training and experience, availability of investigatory aids and legal research, and ability to make meaningful objections, cross-examine witnesses, present testimony and decide whether or not defendant should take the stand and testify at trial. Many other benefits of having a lawyer present were explained to the defendant, as reflected in the record of the proceeding.

In addition, it was explained to defendant that if he were allowed by this court to proceed *pro se* he would be required to follow rules of procedure in the court and the rules of evidence and that the court could not and would not assist him or guide him as to the law or procedure or give him legal advice. Finally, it was explained to him that the court could terminate his right to represent himself if he engaged in abusive or obstructionist behavior. Defendant was also advised of his right to employ standby counsel. The defendant advised that he desired standby counsel be appointed.

At the conclusion of the hearing and after the court strongly recommended to defendant that he not represent himself, defendant advised he understood the court's explanations and reiterated his desire to represent himself despite the advice of the court. The court then advised defendant that I would recommend to the district judge that he be allowed to represent himself.

Defendant requested again standby counsel (See McKaskle v. Wiggins, 104 S.Ct. 944 (1984)) and Mr. Blanchard, who was present for the arraignment, agreed to serve as such.

## Conclusion

IT IS RECOMMENDED that the defendant's oral motion to represent himself be GRANTED and that Mr. Blanchard be appointed as defendant's stand-by counsel.

IT IS FURTHER RECOMMENDED that the period of time during which this motion is

pending be excluded for speedy trial purposes.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE