UNITED STATES DISTRICT COURT                b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 1:14-CR-00035-01 |
| VERSUS | CHIEF JUDGE DRELL |
| MOHAMED ADMED HASSAN ABDALLAH OMRAN | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.   Background

Before the Court is a motion for an emergency writ of mandamus or a preliminary injunction (Doc. 136), filed by petitioner Mohamed Admed Hassan Abdallah Omran ("Omran"). Omran was convicted on two counts of "failure to depart" and sentenced to a total of six months imprisonment. See U.S.A. v. Omran, 641 Fed.Appx. 427 (5th Cir. 2015). Omran is presently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the LaSalle Detention Center ("LDC") in Trout, Louisiana.

Omran contends the mail clerk at the LDC refused to provide him with postage to mail his legal mail in a yellow manila envelope (Doc. 136). Omran contends he is indigent, and that the LDC mail clerk told him that indigent detainees can send mail in "No. 10" envelopes only (Doc. 136). Omran contends the document he wants to mail is too large to fit in a No. 10 envelope, and has to be mailed in a yellow manila

envelope (Doc. 136). Omran contends the document is his application for writ of certiorari to the United States Supreme Court.

## II. Law and Analysis

Omran asks this Court to issue a writ of mandamus, compelling the LDC mail clerk to provide postage for his legal mail in a manila envelope.

The federal mandamus statute states that a district court shall have original jurisdiction in the nature of mandamus, compelling a United States officer or employee to perform a duty owed to the plaintiff. See 28 U.S.C. § 1361. Mandamus is an extraordinary remedy that should be utilized only in the clearest and most compelling of cases. Though it is legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion.

Generally speaking, before the writ of mandamus may properly issue, three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to perform the act in question; and (3) no other adequate remedy available. Mandamus does not supersede other remedies, but rather comes into play where there is a want of such remedies. The alternative remedy must be adequate, meaning capable of affording full relief as to the very subject matter in question. See Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969), cert. den., 397 U.S. 941 (1970); see also Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986), cert. den., 483 U.S. 1021 (1987).

Omran also asks this Court for a preliminary injunction. In order for Omran to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his

cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

It is clearly established that prisoners have a constitutionally protected right of access to the courts. See Brewer v. Wilkinson, 3 F.3d 816, 920-21 (5th Cir. 1993), cert. den., 510 U.S. 1123 (1994). Indigent inmates must be provided, at state expense, with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. See Bounds v. Smith, 430 U.S. 817, 824–25 (1977).

Omran has not shown that the LDC refused to provide him postage to mail his writ application. The LDC may find the most cost-effective way to comply with its obligation to provide Omran with postage for his legal mail, so long as it ultimately meets its obligation. Therefore, the LDC's decision to provide postage for two No. 10 envelopes, instead of for one large manila envelope, does not violate its duty to provide Omran with postage for his legal mail.

Because the LDC is not refusing to mail Omran's writ application, but merely specifying what type of envelopes it will provide postage for, Omran must use what he has been provided.

Therefore, Omran's motion for writ of mandamus and preliminary injunction (Doc. 136) should be denied.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Omran's motion for a writ of mandamus or a preliminary injunction (Doc. 136) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 6th day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge